IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL A. GAVINO MACHADO,　　　:　　　No. 3:26cv1248
　　　Petitioner　　　　　　　　　:

　　　　　　　　　　　　　　　　:　　　(Judge Munley)

　v.　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　:

CRAIG A. LOWE, Warden of Pike　:
County Correctional Facility,　　:
　　　Respondent　　　　　　　　　:

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by Daniel A.

Gavino Machado pursuant to 28 U.S.C. § 2241.[1] (Doc. 1). Petitioner challenges

his present detention at the Pike County Correctional Facility ("Pike CCF") by the

Department of Homeland Security ("DHS"), Immigration and Customs

Enforcement ("ICE"). He argues that his detention without a bond hearing under

8 U.S.C. § 1225(b)(2) is unlawful.

Section 1225(b)(2) does not apply to individuals like Gavino Machado who

have resided within the United States for years. Therefore, for the reasons set

forth below, the petition will be granted, and the petitioner will be released.

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Gavino Machado filed the instant petition while detained at a county prison in Pike County, Pennsylvania. The petitioner asserts that his continued detention violates his right to due process. He also asserts that the wrong provision of the INA is being used to justify his detention. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

The petitioner is a native and citizen of Peru. (Doc. 1, Pet. ¶ 4).  He is 24 years old. (Doc. 14-2, Resp. Ex. 1 at 1).  He entered the United States in July 2022 near San Luis, Arizona. Id. at 2.  Shortly thereafter, United States Border Patrol arrested the petitioner. Id.  The next day, the government released Gavino Machado on his own recognizance under its Alternatives to Detention ("ATD") Program. Id.  No technology was available to monitor the petitioner at the time. (Doc. 14-8, Resp. Ex. 7 at ECF p. 30).  Therefore, he was released and given a report date of August 3, 2022 at a Newark, New Jersey ICE office to be fitted with a GPS monitoring device. Id. at ECF p. 27, 30.  The record does not indicate whether Gavino Machado was still enrolled in the ATD program at the time ICE took him into custody.   There are no records of any ATD violations.

On May 17, 2024, Gavino Machado applied for asylum. (Doc. 14-2, Resp. Ex. 1 at 2).  The details of the petitioner's asylum claims are also not of record. That asylum application remains pending 24 months later.  On November 14, 2024, the government provided the petitioner with an employment authorization. (Doc. 14-6).  The State of New Jersey issued him a driver's license in January 2025. (Doc. 1, Ex. 1).  It appears that Gavino Machado lived and worked in Northern New Jersey for several years.

On April 21, 2026, Gavino Machado reported to ICE's Enforcement and Removal Office in Newark "as a walk-in." (Doc. 14-2, Resp. Ex. 1 at 2).  ICE

2

issued him a Notice to Appear and charged him with violating 8 U.S.C. § 1182(a)(6)(A)(i) and § 1182(a)(7)(a)(i)(I). Id.  ICE briefly detained the petitioner at Delaney Hall Detention Facility in Newark. Id.  On April 27, 2026, at approximately 7:40 AM, ICE transferred Gavino Machado to the Pike County Correctional Facility within the Middle District of Pennsylvania. (Doc. 9-2).

Later that day, his counsel filed a petition for writ of habeas corpus in the District of New Jersey. (Doc. 1).  The petition was transferred to the Middle District of Pennsylvania on May 8, 2026. (Doc. 13).  Pursuant to a show cause order, the government promptly filed its response on May 14, 2026 with a copy of the petitioner's A-file. (Doc. 14).  The parties subsequently filed a stipulation substituting Craig A. Lowe as the proper respondent. (Doc. 15).  Gavino Machado filed his traverse on May 18, 2026. (Doc. 16).

With his petition for writ of habeas corpus, Gavino Machado argues that he is unlawfully detained as the result of the government's misapplication of 8 U.S.C. § 1225(b)(2)(A), a mandatory detention statute.  Per the petitioner, his detention is governed by 8 U.S.C. § 1226(a), a discretionary detention statute. Petitioner further argues that, due to this misclassification, his due process rights are being violated.  Petitioner requests his immediate release from Pike CCF.

On behalf of the respondent, the United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to

the petitioner and that his detention does not violate the INA or the Due Process Clause of the Fifth Amendment.  Two appellate decisions align with the respondent's reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026).  This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

On the other hand, the Second Circuit Court of Appeals, the Sixth Circuit Court of Appeals, the Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225.[2] See Lopez-Campos v. Raycraft, No. 25-1965, 2026 WL 1283891, at *13 (6th Cir. May 11, 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395, at *5–20 (11th Cir. May 6, 2026); Cunha v. Freden, No. 25-3141-PR, --- F. 4th ----, 2026 WL 1146044, at *4, *14–23 (2d Cir. Apr. 28, 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., No. 25-3050, --- F. 4th ----, 2026 WL 1223250, at *9–21 (7th

---

[2] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, No. 3:25-CV-2276, --- F. Supp. 3d ----, 2025 WL 3537279, at *5 (M.D. Pa. Dec. 10, 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

4

Cir. May 5, 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).

With respect to this matter, the court sees no reason to deviate from Lopez-Campos, Hernandez Alvarez, Cunha, or its prior decisions.[3]  In petitioner's case, he was released on his own recognizance at the border into the United States in July 2022.  He lived in the United States for over three years before being detained.  As a result, Section 1226(a) applies to his detention, not Section 1225(b)(2)(A).[4]  Under Section 1226(a), a noncitizen in removal proceedings *may* be detained pending a decision on removal.  However, pending a removal

---

[3] The Third Circuit heard oral argument regarding this issue on May 11, 2026, based on the government's appeals in Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), app. filed sub nom. Morocho v. Warden Phila. FDC, No. 26-1150 (3d. Cir. Jan 22. 2026) and Andrade v. Rose, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026), app. filed sub nom., De Andrade v. Director Phila. Field Off. Immig., No. 26-1451 (3d Cir. Mar. 2, 2026).

[4] Gavino Machado is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after inspection and authorization. Cunha, 2026 WL 1146044, at *23.  His application for asylum does not evidence that he is seeking admission but reflects efforts to obtain lawful status and avoid removal.  Hernandez Alvarez, 2026 WL 1243395, at *7 ("an alien's status as 'admitted' conveys more than a right to lawfully remain in the United States -- indeed, there are many forms of 'lawful status' that grant an alien the right to remain, yet do not necessarily amount to 'admission,' such as asylum and temporary protected status").  Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Cunha, 2026 WL 1146044, at *23.

decision, the noncitizen may also be released on bond or conditional parole following an individualized hearing before an immigration judge. 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d).

A bond hearing, however, is not an appropriate remedy in this case. Gavino Machado's petition also raises a claim for violation of his right to due process under the Fifth Amendment of the United States Constitution. The record reflects that Gavino Machado entered the United States illegally and was apprehended at or near the United States-Mexico border. People who enter this country without legal authorization are not stripped immediately of all their rights because of this single illegal act. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013). That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

To reiterate, "[n]o person," including the petitioner, "shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action."

6

<u>Foucha v. Louisiana</u>, 504 U.S. 71, 80 (1992) (citation omitted); <u>see also</u> <u>Zadvydas</u>, 533 U.S. at 721 (Kennedy, J., dissenting) ("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Based on the analysis above, Gavino Machado has been detained for approximately one month under a statute that does not apply to him. Further, there are ICE documents in petitioner's A-file that indicate its own agents and/or computer systems evaluated the petitioner and determined that he is not subject to mandatory detention under the statutes and regulations. The contradiction between the documents and the legal justification behind Gavino Machado's detention goes unexplained in the government's 59-page response. Such evidence supports the finding of arbitrary and capricious detention, a substantive due process violation.[5]

---

[5] Under such facts, a consideration of the procedural due process factors in <u>Mathews v. Eldridge</u>, 424 U.S. 319 (1976) leads to a conclusion that Gavino Machado's indefinite imprisonment at Pike CCF without bond is a violation of his constitutional rights. Those factors are: 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. <u>Mathews</u>, 424 U.S. at 335. First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" <u>Hamdi v. Rumsfeld</u>, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." <u>Cunin v. McShane</u>, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted). Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. <u>See id.</u> ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the

Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008). In this case, the petition for writ of habeas corpus will be granted and Gavino Machado will be released. [6]

In response to the petition, the government has not provided any information indicating that the petitioner is a danger to the community or a flight risk. He has no criminal record. There are no arrests of record. With respect to risk of flight, Gavino Machado was detained at an ICE office in Newark after he walked in on his own accord. He has a pending asylum claim. There is no evidence of him absconding from ICE or shirking any of the ATD requirements

---

opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F.Supp.3d 397, 409 (D.N.J. 2025); Quispe v. Rose, No. 3:25-CV-02276, 2025 WL 3537279, at *7 (M.D. Pa. Dec. 10, 2025)). As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through indefinite detention without any individualized determination that this petitioner poses a flight risk or danger. But this goes too far for the reasons discussed in the body of this memorandum.

[6] Gavino Machado's request for attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 is not yet ripe for disposition. A habeas proceeding challenging immigration detention under 28 U.S.C. § 2241 is a "civil action" for purposes of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), and the EAJA "unambiguously applies to habeas challenges to immigration detention under 28 U.S.C. § 2241." Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 432 (3d Cir. 2026). Petitioner will thus be permitted to file a motion for costs and fees pursuant to the EAJA within 30 days of the entry of judgment. 28 U.S.C. § 2412(d)(1)(B); Villa Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *7 (M.D. Pa. Feb. 13, 2026) (Wilson, J.).

imposed on him prior to detention, if they were still applicable. Rather, per Gavino Machado's unrebutted allegations, he was working and supporting his family in New Jersey without the need for public assistance. (Doc. 1, Pet. ¶ 28). Based on the above evidence, only immediate release will remedy the due process violation in this case.

The court will impose other conditions on the petitioner's release. The government will be temporarily enjoined from re-arresting Gavino Machado for a period of seven days to ensure the effectiveness of the habeas remedy. Id. The government may not impose additional conditions on Gavino Machado's release, including any form of body-worn electronic monitoring, unless those conditions were in place immediately before his detention.

Consequently, it is hereby **ORDERED** that:

1) Daniel A. Gavino Machado's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

2) Gavino Machado's detention is not governed by 8 U.S.C. § 1225(b)(2)(A) and violates his right to due process of law;

3) The government shall **<u>immediately</u>** release Gavino Machado from its custody;

9

4) On or before **June 5, 2026 at 12:00 noon**, the government shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Gavino Machado has been released;

5) The government shall release Gavino Machado under the same conditions that existed prior to his detention, including release: (1) in New Jersey where the petitioner resides; (2) without the imposition of additional conditions; (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility;

6) The government is temporarily enjoined from re-arresting Gavino Machado for a period of 7 days to ensure that this habeas remedy is effective;

7) The Clerk of Court is directed to **CLOSE** this case.

Date: 6/1/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court